UNITED STATES DISTRICT COURT
EASTERN DISTRICT COURT OF NEW YORK

XING DI ZHANG
on her own behalf and on behalf of others similarly situated

                      **Plaintiff,**

- against -

WAN HAO RESTAURANT INC
    d/b/a Royal Queen and d/b/a The Real KTV;
CONNIE YING ZHANG
LIANG GAO,
JI TI YANG,
GUI YANG,
ANDY "DOE" and
"JOHN" ZHENG

                      **Defendants.**

Case No.:

1:19-cv-07266(AMD)(SJB)

**ANSWER**

The Defendants, **WAN HAO RESTAURANT INC. d/b/a Royal Queen and d/b/a The Real KTV**, **CONNIE YING ZHANG**, Ke Shen, improperly sued herein as **"ANDY 'DOE'"**, and Shi J. Zheng, improperly sued herein as **"'JOHN' ZHENG"** (collectively, "Defendants"), by and through their attorneys, Sahn Ward Coschignano, PLLC, as and for their Answer to the Complaint (the "Complaint"), filed by the Plaintiff, Xing Di Zhang, individually and on behalf of all other persons similarly situated ("Plaintiff"), hereby states as follows:

**INTRODUCTION**

1. Defendants deny the allegations contained in Paragraph "1" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

2. Defendants deny the allegations in Paragraph "2" of the Complaint.

3. Defendants deny the allegations in Paragraph "3" of the Complaint.

4. Defendants deny the allegations contained in Paragraph "4" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

5. Defendants deny the allegations contained in Paragraph "5" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

## JURISDICTION AND VENUE

6. Defendants admit the allegations in Paragraph "6" of the Complaint.

7. Defendants admit the allegations in Paragraph "7" of the Complaint.

## PLAINTIFFS

8. Defendants deny the allegations in Paragraph "8" of the Complaint except admit that Plaintiff was employed by Defendant Wan Hao Restaurant Inc., d/b/a The Royal Queen and d/b/a The Real KTV from in or about July 2014 to in or about September 2019.

## DEFENDANTS

9. Defendants admit the allegations in Paragraph "9" of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations in Paragraph "10" of the Complaint as the allegations are incomplete, rendering the allegations vague, ambiguous, and/or unclear, except admit that Defendant Wan Hao restaurant, Inc., d/b/a The Royal Queen and d/b/a the Real KTV is a spacious banquet hall, KTV, and wedding venue offering Chinese dishes and dim sum.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth and accuracy of the allegations in Paragraph "11" of the Complaint, and Defendants

respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation.

12. The allegations in Paragraph "12" of the Complaint constitute a legal conclusion to which no response is required, and Defendants respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

13. Defendants deny the allegations contained in Paragraph "13" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in Paragraph "14" of the Complaint that Defendant Connie Ying Zhang "had the power to hire and fire employees" or "supervised and controlled employee work schedules or conditions of employment" because the terms "hired and fired" and "supervised and controlled" are vague, ambiguous, and/or unclear. Moreover, the allegation that Defendant Connie Ying Zhang "hired", "fired", "supervised", and "controlled" employees are legal conclusions to which no response is required, and Defendants respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect. Defendants deny the remaining allegations in Paragraph "14" of the Complaint.

15. Defendants deny the allegations contained in Paragraph "15" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "16" of the Complaint.

17. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "17" of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "18" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "19" of the Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "20" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "21" of the Complaint.

22. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "22" of the Complaint.

23. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "23" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in Paragraph "24" of the Complaint that Defendant Ke Shen, improperly sued herein as "Andy 'Doe'", had the power to hire and fire employees" or

"supervised and controlled employee work schedules or conditions of employment" because the terms "hired and fired" and "supervised and controlled" are vague, ambiguous, and/or unclear. Moreover, the allegations that Defendant Ke Shen, improperly sued herein as "Andy 'Doe'", "hired", "fired", "supervised", and "controlled" employees are legal conclusions to which no response is required, and Defendants respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect. Defendants deny the remaining allegations in Paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in Paragraph "25" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in Paragraph "26" of the Complaint that Defendant Shi J. Zheng, improperly sued herein as "'John' Zheng" "had the power to hire and fire employees" or "supervised and controlled employee work schedules or conditions of employment" because the terms "hired and fired" and "supervised and controlled" are vague, ambiguous, and/or unclear. Moreover, the allegation that Defendant Shi J. Zheng, improperly sued herein as "'John' Zheng" "hired", "fired", "supervised", and "controlled" employees is a legal conclusion to which no response is required, and Defendants respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect. Defendants deny the remaining allegations in Paragraph "26" of the Complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in Paragraph "27" of the Complaint because the term "hired" is vague, ambiguous, and/or unclear.

28. Defendants deny the allegations contained in Paragraph "28" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

**STATEMENT OF FACTS**

**Wage and Hour Claims**

29. The allegations in Paragraph "29" of the Complaint constitute a legal conclusion to which no response is required, and Defendants respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

30. Defendants deny the allegations contained in Paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in Paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in Paragraph "32" of the Complaint.

33. Defendants deny the allegations contained in Paragraph "33" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

34. Defendants deny the allegations contained in Paragraph "34" of the Complaint.

35. Defendants deny the allegations contained in Paragraph "35" of the Complaint.

36. Defendants deny the allegations contained in Paragraph "36" of the Complaint.

37. Defendants deny the allegations contained in Paragraph "37" of the Complaint.

38. Defendants deny the allegations contained in Paragraph "38" of the Complaint.

*Plaintiff XING DI ZHANG*

39. Defendants deny the allegations in Paragraph "39" of the Complaint except admit that Plaintiff was employed by Defendant Wan Hao Restaurant Inc., d/b/a The Royal Queen and d/b/a The Real KTV from in or about July 2014 to in or about September 2019.

40. Defendants deny the allegations in Paragraph "40" of the Complaint.

41. Defendants deny the allegations in Paragraph "41" of the Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "42" of the Complaint.

43. Defendants deny knowledge or information sufficient to from a belief as to the truth or falsity of the allegations contained in Paragraph "43" of the Complaint.

44. Defendants deny the allegations in Paragraph "44" of the Complaint.

45. Defendants deny knowledge or information sufficient to from a belief as to the truth or falsity of the allegations contained in Paragraph "45" of the Complaint.

46. Defendants deny the allegations in Paragraph "46" of the Complaint.

47. Defendants deny the allegations in Paragraph "47" of the Complaint.

48. Defendants deny the allegations in Paragraph "48" of the Complaint.

49. Defendants deny the allegations in Paragraph "49" of the Complaint.

50. Defendants deny the allegations in Paragraph "50" of the Complaint.

51. Defendants deny the allegations in Paragraph "51" of the Complaint.

52. Defendants deny the allegations in Paragraph "52" of the Complaint.

## **COLLECTIVE ACTION ALLEGATIONS**

53. Defendants deny the allegations contained in Paragraph "53" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

**CLASS ACTION ALLEGATIONS**

54. Defendants deny the allegations contained in Paragraph "54" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

55. Defendants deny the allegations contained in Paragraph "55" of the Complaint.

56. Defendants deny the allegations contained in Paragraph "56" of the Complaint.

*Numerosity*

57. Defendants deny the allegations contained in Paragraph "57" of the Complaint.

*Commonality*

58. Defendants deny the allegations contained in Paragraph "58" of the Complaint.

*Typicality*

59. Defendants deny the allegations contained in Paragraph "59" of the Complaint.

*Adequacy*

60. Defendants deny the allegations contained in Paragraph "60" of the Complaint.

*Superiority*

61. Defendants deny the allegations contained in Paragraph "61" of the Complaint.

62. Defendants deny the allegations contained in Paragraph "62" of the Complaint.

**STATEMENT OF CLAIMS**

**COUNT I.**
**[Violations of the Fair Labor Standards Act – Failure to pay Minimum Wage Brought on behalf of the Plaintiff and the FLSA Collective]**

63. Defendants repeat, reiterate, and re-allege each and every answer to each and every allegation set forth in Paragraphs "1" through "62" of the Complaint above with the same force and effect as though more fully set forth at length herein.

64. Defendants deny the allegations contained in Paragraph "64" of the Complaint.

65. Defendants deny the allegations contained in Paragraph "65" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

66. Defendants deny the allegations contained in Paragraph "66" of the Complaint.

## COUNT II.
### [Violation of New York Labor Law – Failure to Pay Minimum Wage/Unpaid Wages Brought on behalf of Plaintiff and Rule 23 Class]

67. Defendants repeat, reiterate, and re-allege each and every answer to each and every allegation set forth in Paragraphs "1" through "66" of the Complaint above with the same force and effect as though more fully set forth at length herein.

68. Defendants deny the allegations contained in Paragraph "68" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

69. Defendants deny the allegations contained in Paragraph "69" of the Complaint.

70. Defendants deny the allegations contained in Paragraph "70" of the Complaint.

71. Defendants deny the allegations contained in Paragraph "71" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

## COUNT III.
### [Violations of the Fair Labor Standards Act – Failure to Pay Overtime Brought on behalf of the Plaintiff and FLSA Collective]

72. Defendants repeat, reiterate, and re-allege each and every answer to each and every allegation set forth in Paragraphs "1" through "71" of the Complaint above with the same force and effect as though more fully set forth at length herein.

73. Defendants deny the allegations contained in Paragraph "73" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

74. Defendants deny the allegations contained in Paragraph "74" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

75. Defendants deny the allegations in Paragraph "75" of the Complaint.

76. Defendants deny the allegations in Paragraph "76" of the Complaint.

77. Defendants deny the allegations in Paragraph "77" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

78. Defendants deny the allegations in Paragraph "78" of the Complaint.

79. Defendants deny the allegations in Paragraph "79" of the Complaint.

### COUNT IV.
### [Violation of New York Labor Law – Failure to Pay Overtime
### Brought on behalf of Plaintiff and Rule 23 Class]

80. Defendants repeat, reiterate, and re-allege each and every answer to each and every allegation set forth in Paragraphs "1" through "79" of the Complaint above with the same force and effect as though more fully set forth at length herein.

81. Defendants deny the allegations in Paragraph "81" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

82. Defendants deny the allegations in Paragraph "82" of the Complaint.

83. Defendants deny the allegations in Paragraph "83" of the Complaint.

84. Defendants deny the allegations in Paragraph "84" of the Complaint.

## COUNT V.
### [Violation of New York Labor Law – Spread of Time Pay
### Brought on behalf of Plaintiff and Rule 23 Class]

85. Defendants repeat, reiterate, and re-allege each and every answer to each and every allegation set forth in Paragraphs "1" through "84" of the Complaint above with the same force and effect as though more fully set forth at length herein.

86. Defendants deny the allegations in Paragraph "86" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

87. Defendants deny the allegations in Paragraph "87" of the Complaint.

## COUNT VI.
### [Violation of New York Labor Law – Failure to Provide Meal Periods
### Brought on behalf of Plaintiff and the Rule 23 Class]

88. Defendants repeat, reiterate, and re-allege each and every answer to each and every allegation set forth in Paragraphs "1" through "87" of the Complaint above with the same force and effect as though more fully set forth at length herein.

89. Defendants deny the allegations in Paragraph "89" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

90. Defendants deny the allegations in Paragraph "90" of the Complaint.

91. Defendants deny the allegations in Paragraph "91" of the Complaint.

92. Defendants deny the allegations in Paragraph "92" of the Complaint.

## COUNT VII.
### [Violation of New York Labor Law – Failure to Keep Records
### Brought on behalf of Plaintiff and Rule 23 Class]

93. Defendants repeat, reiterate, and re-allege each and every answer to each and every allegation set forth in Paragraphs "1" through "92" of the Complaint above with the same force and effect as though more fully set forth at length herein.

94. Defendants deny the allegations in Paragraph "94" of the Complaint.

95. Defendants deny the allegations in Paragraph "95" of the Complaint.

96. Defendants deny the allegations in Paragraph "96" of the Complaint.

97. Defendants deny the allegations in Paragraph "97" of the Complaint.

## COUNT VIII.
### [Violation of New York Labor Law – Failure to Provide Time of Hire Wage Notice
### Brought on behalf of Plaintiff and Rule 23 Class]

98. Defendants repeat, reiterate, and re-allege each and every answer to each and every allegation set forth in Paragraphs "1" through "97" of the Complaint above with the same force and effect as though more fully set forth at length herein.

99. Defendants deny the allegations in Paragraph "99" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

100. Defendants deny the allegations contained in Paragraph "100" of the Complaint.

101. Defendants deny the allegations contained in Paragraph "101" of the Complaint.

102. Defendants deny the allegations contained in Paragraph "102" of the Complaint.

## COUNT IX.
### [Violation of New York Labor Law – Failure to Provide Wage Statements Brought on behalf of Plaintiff and Rule 23 Class]

103. Defendants repeat, reiterate, and re-allege each and every answer to each and every allegation set forth in Paragraphs "1" through "102" of the Complaint above with the same force and effect as though more fully set forth at length herein.

104. Defendants deny the allegations in Paragraph "104" of the Complaint and respectfully refer all questions of law to this Honorable Court for their true meaning, interpretation, and legal effect.

105. Defendants deny the allegations contained in Paragraph "105" of the Complaint.

106. Defendants deny the allegations contained in Paragraph "106" of the Complaint.

## PRAYER FOR RELIEF

107. Plaintiff's prayer for relief, demands for judgment and "wherefore clauses," which constitute the balance of the Complaint following Paragraph "106," are requests to which no response is necessary. To the extent a response is required, Defendants deny that Plaintiff is entitled to an injunction, an order certifying the Class and Subclass, damages, attorney's fees, and any other relief sought herein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

108. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

109. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands and/or other related equitable doctrines.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

110. The Complaint is barred by the statute of limitations.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

111. Plaintiff's damages, if any, were not caused by Defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

112. Any and all monies which Plaintiff is allegedly entitled to has been paid.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

113. At all times, Defendants acted without intent or malice. Defendants engaged in good faith efforts to comply with all laws governing Plaintiff's employment, including, without limitation, federal, state or local laws, rules, regulations or guidelines.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

114. Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff suffered no damage by reason of the acts or omissions alleged in the Complaint or otherwise.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

115. The relief sought in Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff is estopped by his own conduct from claiming any damages or any relief.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

116. The Complaint is barred, in whole or in part, because Plaintiff was compensated for all of the hours that he worked pursuant to the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL").

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

117. The Complaint is barred, in whole or in part, because Plaintiff was compensated for all of the overtime compensation that he was allegedly entitled to pursuant to the FLSA and the NYLL.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

118. The Complaint is barred, in whole or in part, because Plaintiff was compensated for all of the "spread of hours" compensation that he was allegedly entitled to pursuant to the NYLL.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

119. The Complaint is barred, in whole or in part, by the Portal-to-Portal Act of 1947 29 U.S.C. § 251 et seq.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

120. The Complaint is barred, in whole or in part, because Defendants cannot be liable for failure to pay minimum wages or overtime compensation for activities that are not themselves part of Plaintiff's workday, *i.e.*, activities which are preliminary to or postliminary to Plaintiff's job.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

121. The relief sought in Plaintiff's Complaint is barred, in whole or in part, to the extent that Plaintiff waived or released claims for damages or other relief.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

122. At all times relevant hereto, Defendants acted in good faith and did not violate any rights which may be secured to Plaintiff under federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

123. The Plaintiff is not entitled to overtime by virtue of one or more exemptions in the FLSA and NYLL.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

124. Plaintiff is not entitled to proceed on a class action basis as: (a) Plaintiff has failed to demonstrate that a class action is superior to other methods available for adjudicating any controversy; (b) Plaintiff's proposed class definitions are vague and/or overboard; (c) Plaintiff and the purported class members are not similarly situated to one another; and/or (d) Plaintiff is not an adequate representative of the putative class action.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

125. The Complaint is defective in that it fails to name all necessary and indispensable parties pursuant to Rule 17(a)(1) of the Federal Rules of Civil Procedure.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

126. The Defendants reserve the right to plead additional separate and affirmative defenses which may be ascertained during the course of discovery in this action or otherwise.

**WHEREFORE**, Defendants, **WAN HAO RESTAURANT, INC. d/b/a Royal Queen and d/b/a The Real KTV**, **CONNIE YING ZHANG**, Ke Shen, improperly sued herein as **"ANDY 'DOE'"**, and Shi J. Zheng, improperly sued herein as **"'JOHN' ZHENG"** respectfully request that the Court:

  A. Dismiss Plaintiff's Complaint in its entirety with prejudice;

  B. Deny each and every demand, claim and prayer for relief contained in the Complaint;

  C. Award Defendants reasonable attorneys' fees and costs;

  D. Grant such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
March 2, 2020

**SAHN WARD COSCHIGNANO, PLLC**
*Attorneys for Defendants Wan Hao Restaurant Inc. d/b/a Royal Queen and d/b/a The Real KTV, Connie Ying Zhang, Ke Shen, improperly sued herein as "Andy 'Doe'", and Shi J. Zheng, improperly sued herein as "'John' Zheng"*

By: /s Adam H. Koblenz
    Adam H. Koblenz, Esq.
    Joseph D. Brees, Esq.
    333 Earle Ovington Boulevard, Suite 601
    Uniondale, NY 11553
    (516) 228-1300
    akoblenz@swc-law.com
    jbrees@swc-law.com

TO:

**TROY LAW PLLC**
*Attorneys for Plaintiff*
41-25 Kissena Boulevard, Suite 103
Flushing, New York 11355
(718) 762-1324
troylaw@troypllc.com